FILED
FEBRUARY 2, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION      SMM

| | |
|---|---|
| TIMOTHY FORCE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No.: 09 CV 4645 |
| ) | |
| CITY OF CHICAGO, EDDIE GARRETT, ) | |
| JOHN WILLIAMSON, LEO CROTTY, ) | Judge Matthew F. Kennelly |
| RONALD CARLTON and ) | |
| ANNA MCLEAN ) | Magistrate Morton Denlow |
| Defendants. ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, TIMOTHY FORCE, by and through his attorney in this regard, GIGI GILBERT, and complaining of Defendants, CITY OF CHICAGO, EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY, and RONALD CARLTON and ANNA MCLEAN states as follows:

## NATURE OF THE CASE

1. This suit arises from the violation of civil rights of Plaintiff, TIMOTHY FORCE, for arrest without probable cause, use of excessive force, and a *Monell* claim in violation of Title 42 U.S.C. section 1983 and pendent state law claim for malicious prosecution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. section 1983. Jurisdiction is based upon 28 U.S.C. section 1331, 1332 and 1367. This court has pendent jurisdiction over the state law claim for malicious prosecution, respondeat superior and indemnification. Plaintiff demands trial by jury.

1

## VENUE

3. The violation of civil rights alleged herein were committed within the Northern District of Illinois to wit: the City of Chicago, County of Cook, State of Illinois. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, TIMOTHY FORCE ("FORCE"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5. Defendants, EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY RONALD CARLTON and ANNA MCLEAN were at all times relevant hereto, employed as police officers by the Chicago Police Department and acting under color of state law. Defendant CITY OF CHICAGO is a municipal corporation under Illinois law.

## COUNT I –FALSE ARREST

6. Plaintiff, FORCE, is a married, 41 year old Chicago resident who lives in the Lincoln Park area.

7. On or about November 8, 2008, Plaintiff, FORCE, was detained at a Circuit City store located on North Avenue in Chicago after he was purchasing some CDs/DVDs. FORCE was arrested without a warrant and without probable cause by Defendants EDDIE GARRETT, JOHN WILLIAMSON and RONALD CARLTON and ANNA MCLEAN.

8.     The conduct of Plaintiff, FORCE, prior to his arrest could not be reasonably interpreted by the Defendants EDDIE GARRETT, JOHN WILLIAMSON RONALD CARLTON AND ANNA MCLEAN as constituting probable cause that FORCE had committed, was committing, or was about to commit a crime.

9.     The facts and circumstances within Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON AND ANNA MCLEAN' knowledge would not lead reasonable police officers to believe that FORCE had committed, was committing or was about to commit a crime.

10.    While DEFENDANT EDDIE GARRETT falsely arrested FORCE Defendants JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN knew that EDDIE GARRETT was about to falsely arrest Plaintiff.

11.    Defendants JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN had a realistic opportunity to do something to prevent the harm from the false arrest from occurring.

12.    Defendants JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN failed to take reasonable steps to prevent harm from the false arrest from occurring.

13.    Defendants JOHN WILLIAMSON RONALD CARLTON AND ANNA MCLEAN failure to act caused FORCE to suffer harm.

14.    Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN were acting under color of state law as members of the Chicago Police Department at all relevant times herein.

15. Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN intentionally violated FORCE's federally protected constitutional right not to be arrested or seized without probable cause in violation of the Fourth Amendment to the Constitution of the United States.

16. Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN ' acts were done with malice and/or reckless indifference to FORCE's federally protected rights.

17. As a direct and proximate result of Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN' actions, FORCE, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

18. As a direct and proximate result of Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN' actions FORCE was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Illinois.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys fees and costs; and

(d) Such other and further relief as this court deems reasonable.

## COUNT II - EXCESSIVE USE OF FORCE

1-18.   FORCE alleges the allegations contained in paragraphs 1-18 above as if fully set forth as paragraphs 1-18 herein.

19.   Under the totality of circumstances at the time of arrest, and while FORCE was in custody, Defendants EDDIE GARRETT, JOHN WILLIAMSON RONALD CARLTON and ANNA MCLEAN used greater force than was reasonably necessary to make the arrest of FORCE, while detaining him and while he was in custody.

20.   Defendant, GARRETT, violently threw FORCE on the counter in Circuit City, violently threw him to the ground, tightly handcuffed him causing marks on his wrists, smashed his face against the floor and repeatedly kicked him with such force that he defecated inside his pants among other acts of excessive use of force.

21.   FORCE was transported to the Chicago Police Department 18th District by RONALD CARLTON and ANNA MCLEAN in a paddy wagon. RONALD CARLTON used excessive force against FORCE while he was handcuffed striking him in the head among other acts of excessive use of force.

22.   While Defendants GARRETT and CARLTON used excessive force against FORCE Defendants JOHN WILLIAMSON, and ANNA MCLEAN knew that GARRETT and CARLTON were about to use excessive force against Plaintiff.

23.   Defendants JOHN WILLIAMSON and ANNA MCLEAN had a realistic opportunity to do something to prevent the harm from the excessive use of force from occurring.

24. Defendants JOHN WILLIAMSON and ANNA MCLEAN failed to take reasonable steps to prevent harm from the excessive use of force from occurring.

25. Defendants JOHN WILLIAMSON and ANNA MCLEAN failure to act caused FORCE to suffer harm.

26. Defendants, WILLIAMSON and McCLEAN stood by and witnessed their partner's misconduct, failed to take any steps to stop his misconduct and never reported the misconduct to his superiors in the Chicago Police Department.

27. As a direct and proximate result of Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN' actions, FORCE suffers and continues to suffer physical pain requiring medical care, and suffered physical and emotional pain and mental anguish some or all of which may be permanent.

28. Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN acted under color of state law, and intentionally used excessive force and/or unreasonable force in effecting FORCE's arrest, in violation of his Fourth Amendment rights under the United States Constitution to be free from excessive force in violation of 42 U.S.C. section 1983.

29. Defendants EDDIE GARRETT, JOHN WILLIAMSON, RONALD CARLTON and ANNA MCLEAN' use of excessive force and/or unreasonable force in effecting FORCE'S arrest and while he was in custody, was done with malice and/or reckless indifference to FORCE'S federally protected rights.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendants EDDIE GARRETT, JOHN

WILLIAMSON, LEO CROTTY, RONALD CARLTON and ANNA MCLEAN for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Punitive damages in the amount to be determined at trial;

    (c)    Reasonable attorneys fees and costs; and

    (d)    Such other and further relief as this court deems reasonable.

## COUNT III - STATE MALICIOUS PROSECUTION

30.   FORCE alleges the allegations contained in paragraphs 1-29 above as if fully set forth as paragraphs 1-29 herein.

31.   Defendants EDDIE GARRETT, JOHN WILLIAMSON and LEO CROTTY, commenced criminal proceedings against FORCE by charging him in the Circuit Court of Cook County with Criminal Damage to Property, two counts of Battery and Resisting/Obstructing a Peace Officer.

32.   The charges brought against FORCE were terminated in his favor.

33.   Defendants EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY RONALD CARLTON and ANNA MCLEAN did not have probable cause to commence criminal proceedings against FORCE.

34.   Defendants CITY OF CHICAGO, EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY RONALD CARLTON and ANNA MCLEAN acted with malice and/or reckless indifference when the Defendants initiated criminal proceedings against FORCE.

35. As a direct and proximate result of Defendants' actions, FORCE, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendants, EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY and RONALD CARLTON and ANNA MCLEAN for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys fees and costs; and

(d) Such other and further relief as this court deems reasonable.

### COUNT IV - STATE LAW RESPONDEAT SUPERIOR

36. FORCE alleges the allegations contained in paragraphs 1-35 above as if fully set forth as paragraphs 1-35 herein.

37. In committing the acts alleged in the preceding paragraphs, the Defendant officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

38. Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorneys fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

### COUNT V - STATE LAW INDEMNIFICATION

39. FORCE alleges the allegations contained in paragraphs 1-38 above as if fully set forth as paragraphs 1-38 herein.

40. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

41. Defendants, EDDIE GARRETT, JOHN WILLIAMSON, LEO CROTTY RONALD CARLTON and ANNA MCLEAN were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorneys fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

### COUNT VI – MONELL CLAIM

42. The misconduct described above was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b) The Chicago Police Department has a policy and practice of facilitating the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized;

c) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here as its Independent Police Authority fails to adequately investigate allegations of excessive use of force and false arrest disproportionately fails to sustain allegations of excessive force and false arrest.

d) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here as municipal policy makers are aware of and facilitate a "code of silence" in the Chicago Police Department, by which officers such as WILLIAMSON, fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here by requiring that Complaints Registered against police officers only be maintained for the preceding five years and thereby preventing the City from ascertaining any patterns of abuse which might develop against a police officer;

43. As a direct and proximate result of Defendant GARRETT and UNIDENTIFIED CHICAGO POLICE OFFICERS excessive use of force as well as Defendant CITY OF CHICAGO's policy and practice, FORCE, suffered and continues to

suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

44. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to FORCE'S federally protected rights.

WHEREFORE, Plaintiff, TIMOTHY FORCE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO, for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorneys fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

Respectfully Submitted,


By://s// Gigi Gilbert_____

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
#6199394
gigigilbert@monadnockbuilding.net