## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4645 | **DATE** | 12/16/2011 |
| **CASE TITLE** | Force vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's counsel's motion to enforce settlement, declare constructive discharge and adjudicate attorney's lien [174] is denied is denied without prejudice. Plaintiff's counsel motion for adjudication of attorney's lien and or for quantum meruit [185] is denied without prejudice. Motion to distribute settlement proceeds [189] is denied without prejudice. Pursuant to 28 U.S.C. § 1367(c), the court relinquishes jurisdiction over the state law dispute between Plaintiff Force and Attorney Gilbert regarding the distribution of the settlement proceeds. This matter is closed.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

At the 11/29/2011 hearing, the court expressed certain views concerning Plaintiff Force's and Attorney Gilbert's respective motions regarding the distribution of the proceeds from the settlement with Defendants. The court did not enter an order disposing of those motions, which remain pending and unresolved. After further consideration, reflection and review, the court has decided that it should relinquish jurisdiction under 28 U.S.C. § 1367©, deny the motions without prejudice, and permit Force and Gilbert to resolve their dispute in state court.

Force's and Gilbert's dispute over the distribution of the settlement proceeds is governed by state law -- either by the terms of the contract between Force and Gilbert or, if there is no contract, by quantum meruit or some other common law doctrine. Force and Gilbert are both citizens of Illinois, so diversity jurisdiction does not lie over their respective claims. The dispute does fall within the court's supplemental jurisdiction. *See Matthews v. Homecomings Fin. Network, Inc.*, 264 F. App'x 536, 537-38 (7th Cir. 2008) (citing cases). Because all federal claims in the case have been resolved, the court has the discretion to relinquish jurisdiction over Force's and Gilbert's state law dispute and deny their respective motions without prejudice. *See* 28 U.S.C. § 1367(c)(3). Force urges the court to take this course. Doc. 189 at 7. The court does so for two separate and independent reasons.

| | Courtroom Deputy Initials: | JD |
|---|---|---|

**STATEMENT**

First, although the court initially believed that it could find that Force and Gilbert had a contract -- and ascertain the contract's terms -- based solely upon their written submissions and affidavits, the court has concluded that resolving those issues will require written and oral discovery and most likely a trial. Therefore, the allocation dispute between Force and Gilbert presents the court with what for all practical purposes is a brand new case, one completely collateral to the Fourth Amendment case between Force and Defendants. Because the new "case" between Force and Gilbert has barely begun -- the parties have filed written submissions, but have not yet engaged in any discovery, let alone a trial -- it is more appropriately resolved in state court. *See Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007) (retaining jurisdiction over state law matter is justified "where substantial judicial resources have already been expended on the state claims" or "when it is clearly apparent how the state claim is to be decided").

Second, the allocation dispute appears to "raise[] a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). The court initially was of the view that Force categorically was not entitled to the portion of the settlement (all but $32,500, which was the full jury award) that indisputably was intended to reflect the attorney fees and costs that Defendants would have been assessed under 28 U.S.C. § 1920 and 42 U.S.C. § 1988 had there been no settlement. However, at least one case decided by the Appellate Court of Illinois has held that the particular terms of the plaintiff's fee agreement with plaintiff's counsel entitled the plaintiff to a portion of a settlement clearly designated for attorney fees. *See Krantz v. Chessick*, 668 N.E.2d 77 (Ill. App. 1996). Illinois precedent on the subject is thin, and the status of Illinois law is uncertain. This warrants the relinquishment of jurisdiction. *See Key Outdoor, Inc. v. City of Galesburg*, 327 F.3d 549, 550 (7th Cir. 2003). It bears mention, too, the allocation dispute between plaintiff and lawyer in *Krantz* was resolved at trial, not on the papers. 668 N.E.2d at 79. The facts of *Krantz* are far more favorable to the plaintiff there than the facts of this case are to Force, but the law is not as clear as the court initially believed.

The court retains the view that the present dispute is highly unfortunate, pitting what should be an extremely grateful client (Force) against a lawyer (Gilbert) who served his interests very well and who took a substantial "hair cut" off her fees during the settlement negotiations to ensure that Force would walk away with all $32,500 that the jury awarded him. The court most likely would have reduced or eliminated the $27,500 punitive damage award had a settlement not been reached, leaving Force with perhaps only a $5000 award; it was only Gilbert's extreme flexibility on the attorney fee "portion" of the settlement that prevented that reduction. Indeed, were it not for Attorney Gilbert's quick thinking and persuasive argument, the court would have defaulted Force when he showed up drunk the morning his case first was called for trial in December 2010. That would have left Force with zero dollars.

The state courts will determine whether the law entitles Force to more than $32,500 of the settlement proceeds. But regardless of what the *law* allows, common decency would counsel Force to take his $32,500 -- a huge and largely undeserved windfall as it is -- and to put this matter behind him and Gilbert.